UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JANE DOE,

    Plaintiff,                            Case No. 1:17-cv-00317

v.                                         HON. PAUL L. MALONEY

CENTREVILLE PUBLIC SCHOOLS,
And in their individual and official capacities,
TERRY MILLER, BARBARA LESTER,
and ROB KUHLMAN,

    Defendants.

_____

| | |
|---|---|
| Nicholas Roumel (P37056)<br>Attorney for Plaintiff<br>**NACHT & ROUMEL, P.C.**<br>101 N. Main Street, Ste. 555<br>Ann Arbor, MI   48104<br>(734) 663-7550<br>*nroumel@nachtlaw.com* | Timothy J. Mullins (P28021)<br>Kenneth B. Chapie (P66148)<br>Attorneys for Defendants Centreville Public<br>   Schools, Lester, and Kuhlman<br>**GIARMARCO, MULLINS & HORTON, P.C.**<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI  48084-5280<br>(248) 457-7020<br>*tmullins@gmhlaw.com*<br>*kchapie@gmhlaw.com*<br><br>Mark T. Ostrowski (P49761)<br>**KLUCZYNSKI, GIRTZ & VOGELZANG**<br>Attorneys for Defendant Miller<br>5005 Cascade Road S.E., Suite A<br>Grand Rapids, MI  49546<br>(616) 559-8600<br>*MarkO@kgvlaw.com* |

_____

**JOINT STATUS REPORT**

      A Rule 16 Scheduling Conference is scheduled for August 21, 2017, at 9:00 AM before Hon. Paul L. Maloney (by telephone). Participating for the parties as counsel will be Nicholas Roumel for plaintiff, Timothy J. Mullins for defendants Centreville Public Schools and defendants Lester and Kuhlman, and Mark T. Ostrowski for defendant Miller.

1

1. **Jurisdiction:** The jurisdiction of this Court for the federal claims is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), 2201 and 2202; Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.*; and 42 U.S.C. §1983. There is pendent jurisdiction over the state of Michigan claims pursuant to 28 U.S.C. § 1367. The state law claims are based on violations of the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq.*, and common law.

Objections to Jurisdiction:

2. **Jury or Non−jury:** This case is to be tried before a jury.

3. **Judicial Availability:** Pursuant to 28 USC § 636 (c), the parties agree have a United States Magistrate Judge hear non-dispositive motions and resolve discovery disputes, and to conduct settlement conferences. The parties do not agree to have a Magistrate Judge hear dispositive motions or trial.

4. **Statement of the Case:**

Plaintiff's Claims: "Jane Doe" proceeds pseudononymously, due to her status as a sexual assault survivor. She was sexually harassed over a three-year period by defendant Miller, a teacher and "father figure" who took advantage of her trust, along with his contemporaneous harassment of at least two other students at the Centreville School District. The district had documented, in previous years, two additional complaints of extremely similar sexual harassment (five victims total). Despite those previous complaints, they did not discipline Miller; and defendant Lester gave him glowing evaluations and recommended him for tenure. Moreover, defendant Lester, the district's nominal Title IX coordinator, and defendant Kuhlman, the superintendent, utterly failed to implement legally required Title IX policies, to the detriment of Jane Doe and the three subsequent victims of Terry Miller.

Miller's employment was terminated because of Jane's report, and there was a police investigation and criminal proceedings, recently resulting in Miller's no contest plea to a sexual assault on Jane. A significant portion of the Centreville school community supported Miller throughout these proceedings in very public ways, such as attendance at court hearings and through social media campaigns. They also retaliated against Jane for turning in this popular teacher and coach, resulting in Jane leaving Centreville Schools to finish high school. Defendants did nothing to discourage such retaliation, and were deliberately indifferent to it as they were to the harassment itself.

Jane suffered and continues to suffer tremendous emotional damages as a result of defendants' conduct and deliberate indifference to her legal rights.

Defenses of Defendant Centreville Public Schools, Lester and Kuhlman:

Defendants Centerville Public Schools, Lester, and Kuhlman deny that they discriminated against Jane Doe, or any other students. Jane Doe was not subjected to severe or pervasive harassment or treated differently than similarly situated male students. Additionally, Defendants responded to alleged known acts of harassment appropriately. Once informed of Plaintiff's allegations, the school district conducted an investigation and terminated the teacher's employment with the school district. Plaintiff's allegations regarding the school district's Title IX policies are false.

Defenses of Defendant Miller: Defendant Terry Miller denies any inappropriate conduct directed toward plaintiff and/or any other students. His no-contest plea to the criminal charges is not admissible in evidence and was entered solely because he was offered a plea agreement which guaranteed no jail time. In addition, the allegations of other students are irrelevant, highly prejudicial, and likewise inadmissible.

5.      **Prospects of Settlement:** While settlement discussions have taken place, no formal negotiations have occurred, and there has not been significant progress to date.

6.      **Pendent State Claims:** This case does include pendent state claims under the Elliott-Larsen Civil Rights Act and common law (see paragraph 1 above).

7.      **Joinder of Parties and Amendment of Pleadings:**   The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by October 15, 2017.

8.      **Disclosures and Exchanges:**

(a)     The parties propose the following schedule for Rule 26(a)(1) disclosures: each party will make such disclosures by October 15, 2017.

(b)     The parties propose the following schedule for Rule 26(a)(2) disclosures: Plaintiff expects to be able to furnish the names of plaintiff's expert witnesses by December 15, 2017. Defendants expect to be able to furnish the names of the defendant's expert witnesses by January 15, 2018.

It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Plaintiff expects to be able to furnish the reports of plaintiff's expert witnesses within 30 days after the decision on any final dispositive motion. Defendants expect to be able to furnish the reports of the defendant's expert witnesses 30 days after receipt of plaintiff's reports.

The parties have agreed to make available the following documents without the need of a formal request for production:

<u>From plaintiff to defendants</u>: Criminal file obtained from prosecutor (voluminous and may be available for inspection).

<u>From defendants to plaintiff</u>:

9. **Discovery:** The parties believe that all discovery proceedings can be completed by May 15, 2018, except that depositions of expert witnesses, if any, should be allowed up to 30 days prior to trial. The parties recommend the following discovery plan:

(a) <u>Plaintiff</u> will seek factual discovery, including but not limited to the occurrences as alleged in the complaint, the identity and expected testimony of witnesses, both lay and expert.

(b) <u>Defendants</u> will seek factual discovery, including but not limited to the allegations contained in Plaintiff's complaint, liability, damages, expert opinions.

(c) <u>Limits:</u> The parties agree to limit interrogatories to 25 questions including subparts from plaintiff, and from each defendant. The parties agree to limit depositions to 10 for plaintiff, and 10 combined from defendants (five each or as otherwise agreed). Depositions shall be limited to 7 hours. There is no limit on requests for production or things and requests for admissions.

(d) <u>Protective Order:</u> Plaintiff will seek a strict protective order regarding her medical and mental health records.

10. **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: preserve all electronically stored data and produce it in electronic form, or if not voluminous, may be produced in paper form. Upon agreement, or the absence of agreement upon a finding of good cause by the court, the parties will permit

5

inspection of computers, servers and the like by expert witnesses under appropriate terms and conditions. Defendants request that Plaintiff preserve all social media posts, texts, and other electronically stored information.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production:** The parties have agreed to the following procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery: The parties will confer and upon request, the item will be returned with no copies being retained and no use of the information particular to said documents.

12. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All nondispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Plaintiff: None

Defendants Centreville Public Schools, Lester and Kuhlman: Defendants anticipate that they will file a motion for summary judgment under Fed. R. Civ. P. 56.

Defendant Miller: Defendant Miller anticipates filing a F.R.C.P. Rule 56 (c) Motion for Summary Judgment following the close of discovery.

13. **Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

> Plaintiff supports voluntary facilitative mediation (W.D. Mich. LCivR 16.3), early neutral evaluation (W.D. Mich. LCivR 16.4), and/or case evaluation without the rejecting party's liability for costs. (MCR 2.403 and W.D. Mich. LCivR 16.5). Plaintiff

will also consent to a settlement conference with the judge or magistrate. Plaintiff is open to the first two methods of ADR at any time; the latter two should take place after discovery but before dispositive motions.

<u>Defendants Centreville Public Schools, Lester and Kuhlman</u> do not object to facilitation or a settlement conference with the judge or magistrate.

<u>Defendant Miller</u> would agree to participate in voluntary facilitative mediation. Defendant Miller is not agreeable to any other form of ADR.

14. **Length of Trial:** Counsel estimate the trial will last approximately 7-12 days total, allocated as follows: 1-2 days for jury selection and argument, 3-5 days for plaintiff's case, 3-5 days for defendants' case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically.

16. **Other:** Defendant Miller anticipates filing Motions in Limine to exclude any reference to his no-contest plea to the criminal charges and to exclude reference to any allegations by students other than plaintiff.

Respectfully submitted:

| Attorneys for Plaintiff: | Attorneys for Centreville Public Schools, Barbara Lester, and Rob Kuhlman: |
|---|---|
| *s/Nicholas Roumel* | *s/Kenneth B. Chapie (w/permission NR)* |
| _____ | _____ |
| Nicholas Roumel (P37056) | Timothy J. Mullins (P28021) |
| **NACHT & ROUMEL, P.C.** | Kenneth B. Chapie (P66148) |
| 101 N. Main St., Ste. 555 | **GIARMARCO, MULLINS & HORTON, P.C.** |
| Ann Arbor MI 48104 | 101 W. Big Beaver Road, 10th Floor |
| (734) 663-7550 | Troy, MI 48084-5280 |
| nroumel@nachtlaw.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| August 16, 2017 | August 16, 2017 |

*s/Mark T. Ostrowski (w/permission NR)*
_____
Attorneys for Defendant Terry Miller:
Mark T. Ostrowski (P49761)
**KLUCZYNSKI, GIRTZ & VOGELZANG**
5005 Cascade Road, SE, Suite A
Grand Rapids, MI 49546
(616) 559-8600

August 16, 2017